## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### CIVIL COMPLAINT

RavenGrace Mori El,Ex Relatione Raven El ,

See attached ,

*(Write the full name of each Plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

PASI et.: See Attached ,

North Okaloosa MedicalCenter/ ,

Crestview Hospital et. al. See Attached ,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

_____/

Case No.: 3:17cv 22-RV-CJK
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ YES  ☐ NO

# CIVIL COMPLAINT ATTACHMENT FOR PLAINTIFFS AND DEFENDANTS

PLAINTIFF'S INFORMATION; DEFENDANTS NAMES AND ADDRESS AND RELIEF FOR DAMAGES:

## PLAINTIFF:

**RavenGrace Mori El (Secure Party Creditor, Executrix) In Propria Persona for Trust, RAVEN M EL mailing address only c/o 5663 Old Bethel Road Crestview, Florida Republic, near [32536] [Zip Exempt] Non-Domestic Nonresident/Non-Domestic/Republic; Domestic/Republic; Without the U.S. By Order of Lex Domicilii (Al Moroc/Amexem/Washitaw Territory & Empire)**

## DEFENDANTS:

1. MARTIN G SCHWEINHART FROM TENNESSEE 400 MERIDIAN BLVD. FRANKLIN, TN 37067, PRESIDENT AND DIRECTOR OF CRESTVIEW MEDICAL CENTER

2. JAMES W DOUCETTE FROM TENNESSEE 400 MERIDIAN BLVD. FRANKLIN, TN 37067, EXECUTIVE AT CRESTVIEW MEDICAL CENTER

3. LARRY W CASH VICE PRESIDENT AT 400 MERIDIAN BLVD. FRANKLIN, TN 37067 FOR CRESTVIEW MEDICAL CENTER

4. TROY R LOTANE ATTORNEY DBA OWNER OF LOTANE & ASSOCIATES, P.A. FROM 1980 MICHIGAN AVECOCOA, FL 32922

5. NORTH OKALOOSA MEDICAL CENTER DISSOLVED ENTITY FROM CRESTVIEW FLORIDA

6. CRESTVIEW MEDICAL CENTER FROM CRESTVIEW FLORIDA

7. FLORETTE MURCHISON PRESIDENT AND DIRECTOR FROM 1132 Tallokas Road Crestview, FL 32536

8. IVATTY WEEKLY EXECUTIVE d/b/a VICE PRESIDENT FOR NORTH OKALOOSA MEDICAL HOSPITAL 151 REDSTONE AVENUE, CRESTVIEW, FL 32536.

9. NINA ROMERO D/B/A PRINCIPAL FOR CASCADE CAPITAL, LLC 101 2ND STREET, SUITE 100, PETALUMA, CA 94952

10. MARTIN G SCHWEINHART (AGAIN), BUT D/B/A STATUTORY AGENT FOR NORTH OKALOOSA MEDICAL CENTER 1132 TALLOKAS ROAD CRESTVIEW, FL 32536 CHARTER NUMBER 733521 FEI/EIN # 59-1011095

11. **AGAIN:** Attorneys/Co-Defendants Troy R. Lotane Attorney and Anthony J Steele acting Co-Defendants for PROFESSIONAL ACCOUNT SERVICES, INC. **(PASI)** et. al., 4000 Meridian Blvd, Franklin, TN 37067, EIN 62-1353363

DAMAGES

| | | |
|---|---|---|
| FRAUD | $10,000 | 18 USC 1001 |
| FALISIFACTION OF DOCUMENTS | $10,000 | 18 USC 1001 |
| PERJURY | $2,000.00 | 18 USC 1621 |
| SUBORNATION OF PERJURY | $2,000.00 | 18 USC |
| GRAND THEFT (18 USC 2112) EACH | $250,000 | 18 USC 2112 (EACH) |
| TO DETERMINE MULTPLY NO. OF COUNTS BY DAMAGE | | 18 USC 3571 |
| RACKETEERING (CRIMINAL) | $25,000 | 18 USC 1963 |
| RACKETEERING (CIVIL | | |
| (SUSTAINED DAMAGES [total] x 3) | | |
| Wages Taken $ x3 = | 57 | 18 USC 1964 |

Thirty-seven (37) Constitutional violations from Count 1: = $9, 250,000.00 Damages

AMOUNT REQUESTED FOR ALL DAMAGES OF THIS CASE INCLUDING FDCPA **$3,830,000.00**



**2012063183**

GUILFORD CO. NC FEE $26.00
PRESENTED & RECORDED
10-15-2012 03:52:33 PM
JEFF L. THIGPEN
REGISTER OF DEEDS
BY: SHEIKA WASHINGTON
DEPUTY-GB

## BK: R 7403
## PG: 317-318

Plu-

**Prepared by**: RavenGrace Mori El, 5663 Old Bethel Road, Crestview, Florida [32536-9998]
(336)740-9733 ext 1

**Return to:** the same as above



### AFFIDAVIT

### PUBLIC NOTICE
### The AUTHORITY FOR FINES (DAMAGES) CAUSED BY CRIMES BY GOVERNMENT OFFICERS
to
### RavenGrace: Mori El©TM
### A Private Sovereign, Aboriginal natural born Citizen Muurish/Moorish American Scared Secured Party Creditor
### NOTICE OF SURETY ACT & VARITY 22 SILVER BULLION BOND
### No. RR 792 161 915 US
### NOTICE OF SURETY ACT & VARITY 2 Oz SILVER BULLION BOND
### No. RB 841 013 385 US
### NOTICE OF SURETY ACT & VARITY 2 Oz SILVER BULLION BOND
### No. RB 841 013 399 US

These Fines (Damages) were determined by GOVERNMENT itself
for the violation(s) listed.

| Breach | Penalty | Authority |
|---|---|---|
| VIOLATION OF OATH OF OFFICE | $250,000.00 | 18 USC 3571 |
| DENTED PROPER WARRANT(S) | $250,000.00 | 18 USC 3571 |
| DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS | $250,000.00 | 18 USC 3571 |
| DEFENSE E:VIDENCE (RECORDS) | $'250,000.00 | 18 USC 3571 |
| DENIED RIGHT TO TRUTH IN EVIDENCE | $250,000.00 | 18 USC 3571 |
| SLAVERY (Forced Compliance to contracts not held) | $250,000.00 | 18 USC 3571 |
| DENIED PROVISIONS IN THE CONSTITUTION. | $250,000.00 | 18 USC 3571 |
| TREASON (combined above actions). | $250,000.00 | 18 use 3571 |
| GENOCIDE | $1,000,000.00 | 18 USC 1091 |
| MISPRISION OF FELONY | $500.00 | 18 use 4 |
| CONSPIRACY | $10,000.00 | 18 use 241 |
| EXTORTION | $5,000.00 | 18 use 872 |
| MAIL THREATS | $5,000.00 | 18 use 876 |

| FRAUD | $10,000.00 | 18 USC 1001 |
|---|---|---|
| FALSIFICATION OF DOCUMENTS | $10,000.00 | 18 USC 1001 |
| PERJURY. | $2,000.00 | 18 use 1621 |
| SUBORNATION OF PERJURY | $2,000.00 | 18 USC 1622 |
| GRAND THEFT (18 usc 2112) each | $250,000.00 | |
| To determine multiply no. of counts by damage | | 18 USC 3571 |
| RACKETEERING (Criminal) | $25,000.00 | 18 USC 1963 |
| RACKETEERING (Civil) | | |
| Wages Taken $x3 = | 57 | 18 USC 1964 |
| (Sustained Damages [total] x 3) | | |

Thirty-seven (37) Constitutional violations from Count 1 : = $9,250,000.00 Damages

Dealing with claims of "immunity."

Any claim of" immunity" is a fraud because, if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under U.S. Constitution Article 2, Section IV; as well as 18 USC 241, 24242 use 1983, 1985, 1986, and other state Constitutions.

Precedents of Law established by COURT cases, which are in violation of law, render violations of law legally unassailable. Such a situation violates several specifically stated intents and purposes of the Constitution set forth in the Preamble; to establish justice, insure domestic *tranquility, and secure the-blessings of liberty. For JUDGES, or anyone in any branch of government.*

*Secured Party Creditor, beneficiary of the Original Jurisdiction*
RavenGrace: Mori El©TM*RAVENGRACE MORI EL*©TM
Moorish American National Government, foreign diplomat
Moorish Science Temple of America, public minister
Washitaw Nation Trustee. freeholder and steward
Non-independent Post Master



State of: Texas    )

County of: Harris   )ss

With clean hands and firsthand knowledge of the facts presented, RavenGrace: Mori El, SUBSCRIBED AND SWORN TO BEFORE ME on this the  4  day of October , 2012, to certify IN WITNESS WHEREOF, I hereunto set my hand and official seal

NOTARY PUBLIC

NOTARY PUBLIC PRINT

November 05, 2013
EXPIRES

PAMELA D JENKINS
My Commission Expires
November 5, 2013

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA

 

| | |
|---|---|
| RavenGrace Mori El (Secured Party Creditor; Executor) In Propria Persona for Trust, (mailing address only) c/o 5663 Old Bethel Road Crestview, Florida Republic, near [32536] [Zip Exempt] Non-Domestic Nonresident/Non-Domestic/Republic; Domestic/Republic; Without the U.S. By Order of Lex Domicilii (Al Moroc/Amexem/ Washitaw Territory & Empire)<br>                    Plaintiff,<br>        vs.<br>Martin G Schweinhart acting as President & Director, Larry W Cash acting as Vice President, Secretary, Director; James W Doucette VP & Treasurer et. al for Crestview Medical Center, 4000 Meridian Blvd. Franklin, TN 37067; Nina Romero d/b/a CASCADE CAPITAL, LLC & Cascade Capital, LLC, 101 2nd Street, suite 100, Petaluma, CA 94952<br><br>Florette Murchinson d/b/a President and Director, 1132 Tallokas Road Crestview, FL 32536, Ivatty Weekly d/b/a VP for North Okaloosa Medical Center at 151 Redstone Avenue, Crestview, FL 32536;<br><br>Martin G Schweinhart d/b/a/ Statutory Agent VP & Director Address, 1132 Tallokas RD Crestview, FL 32536 Charter Number 733521 FEI/EIN # 59-1011095 And Agent for North Okaloosa Medical Center<br><br>Attorneys/Co-Defendants Troy R. Lotane Attorney and Anthony J Steele acting Co-Defendants for PROFESSIONAL ACCOUNT SERVICES, INC. (PASI) et. al., 4000 Meridian Blvd, Franklin, TN 37067, EIN 62-1353363<br><br>                    Defendants. | ) Case No. _____<br>)  **AFFIDAVIT OF CLAIM:**<br>)<br>) 1.   **VIOLATIONS OF HIPPA ACT 1996** Sections 261 through 264 (Breaking Privacy Law via Access of Medical Records without a Signature Consent of Third Party Release Form and without the oral consent from the patient/Plaintiff)<br>) 2.   **FAILURE TO PRODUCE THE WET-INK SIGNATURE OF THE ORIGINAL INSTRUMENT OF INDEBTEDNESS IN ITS ORIGINAL FORM.**<br>) 3.   **DEFAULT OF ESTOPPEL BY SILENT ACQUIESCENCE Exhibit 1**<br>) 4.   **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**<br>) 5.   **VIOLATIONS OF THE GRAMM LEACH BLILEY ACT 1999**<br>) 6.   **RICO FRAUD**-Extortion; etc.<br>)<br>**\*TRIAL BY JUROR DEMANDED;**<br>**INDEPENDENT COURT REPORTER**<br>**WILL SUBPOENA DOCUMENTS**<br>**DEPOSTIONS; ADMISSIONS;**<br>**PRODUCTION REQUESTS** |

0

**COMPLAINT**

Plaintiff, RavenGrace Mori El (Secured Party Creditor; Executor) herein referred to as ("Plaintiff"; Consumer; Patient) sue Defendants Crestview Hospital Corporation/North Okaloosa Medical Center and Co-Defendants, herein referred to as Debt Collectors/Servicers as named above, jointly and individually for Violations of the Health Insurance Portability and Accountability Act, "HIPPA"; Failure to produce the Wet-Ink Signature of the Original Instrument of Indebtedness in its original form; Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et. seq.; FTC Violations; deceptive practices related to Federal Trade Commission Act (Section 5); FCRA, GRAMM LEACH BLILEY ACT violations and for other relief of this claim, and states:

## I. Jurisdiction, Venue, and Parties

### A. Jurisdiction and Venue

1. This is an action for damages which does not exceed the jurisdictional limit of this Court and damages are recoverable under the claims set forth herein including the Violations of the Health Insurance Portability and Accountability Act, "HIPPA"; Failure to produce the Wet-Ink Signature of the Original Instrument of Indebtedness in its original form; Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et. Seq.; FTC Violations; deceptive practices related to Federal Trade Commission Act (Section 5); FCRA, and for other relief for which damages have been suffered by her, the Plaintiff due to the actions and conduct of the Debt Collectors/Servicers as set forth hereinbelow; and for other relief, and all violation issues pertaining to HIPPA; FDCPA; FCRA, FTC, and Gramm Leach Bliley Act Violations.

2. **Jurisdiction** of this action is proper in this Court as Debt Collectors/Servicers conduct regular and continuous business within the State of Florida. See Exhibit 2 (pages 1-3).

3. **Venue** of this action is proper in this Court as applicable Florida law provides FDCPA be heard in the Judicial Court.

## II. The Parties

Plaintiff RavenGrace Mori El (Secured Party Creditor; Executrix) NOTICE OF SURETY ACT & FULL PROVERBS 22 SILVER BULLION BONDS Account No. RR 792161915US; NOTICE OF GOLD SURETY BULLION BOND Round Buffalo (1 troy oz. coin) Account No. RB 600140052US (both filed in Mecklenburg County, NC on 12 Oct 09, 1:40:01 BK: 27723 PG 846-854 **(See Exhibit 1A, 1B).** In Propria Persona for Trust, RAVENGRACE MORI EL (SECURED PARTY CREDITOR; EXECUTOR) is domiciled at Okaloosa County, Florida

1

**COMPLAINT**

State who is over the age of eighteen (18). Debt Collectors and Servicers: **Troy Lotane & Associates, P.A. a Law Firm, Anthony J Steele** jointly d/b/a attorneys **or Pasi et. al" or Debt Collectors/Servicers** for Professional Account Services, Inc **(PASI)**, et.al; **Martin G Schweinhart d/b/a President, Director; Larry W Cash, Vice President, Secretary, and Director, James W Doucette d/b/a Vice President & Treasurer, for Crestview Hospital Corporation 4000 Meridian Blvd., Franklin, TN 37067**: (herein referred to as Defendants or **"Martin G Schweinhart; James W Doucette ; Larry Cash; Florette Murchison, President and Director, Ivatty Weekly d/b/a Vice President for dissolved Entity, "North Okaloosa Medical Hospital)** all opposing parties, the Plaintiff/Consumer/Patient is informed and believes, and thereon alleges played a part in the HIPPA; FDCPA; FTC; FCRA violations whereby the Debt Collectors/Servicers and all Defendants including the dissolved entity, North Okaloosa Medical Hospital (attempting to sue without a charter) are alleging that the Plaintiff is indebted to them and they are alleging to be a creditor to the Plaintiff and the Plaintiff denies these false allegations.  Plaintiff states that PASI is not her Creditor, had no right to her private information from this dissolved entity medical facility, North Okaloosa Medical Center or under their new name (as of 2014) Crestview Medical Center. Debt Collectors/Servicers refused to verify any facts to the contrary and all facts were kept from the Plaintiff that would therefore establish the lender-borrower relationship between the consumer and the debt collectors that are perpetrating a fraud, disguised as Creditors. Evidence will show that the Debt Collectors/Servicers violated HIPPA; FDCPA; FTC; FCRA; DEFAULT; The Debt Collectors/Servicers not only claimed the Plaintiff owes for an alleged debt/Loan of which the Plaintiff denies, but violated HIPPA where they had no authority or right to access of the Plaintiff's private information that wasn't even disclosed to the medical facility violating HIPPA and FDCPA laws.

## COMPLAINT ALLEGATIONS

As the Plaintiff, Raven M El files this claim against the Debt Collectors/Servicers for the above entitled counts; for settlement before this court and judge an administrative agent to enforce indictments and settlement for both civil and felony fraud violations that began with the violations of HIPPA. The HIPPA privacy rule mandates that personal medical information regarding a patient may not be shared unless there is permissible (written or oral) reason for doing so or pursuant to court order within the Standard laws of HIPPA.  HIPPA also extends to "credit reporting agencies" and "collection agencies" as well, i.e. "PASI AND CASCADE CAPITAL, LLC". HIPPA is in place to protect and stop debt collection abuse and unlawful

2

**COMPLAINT**

disclosure of private information of a patient's medical records, name, address, phone number, social security and all private information. Defendants and Co-Defendants also violated the Gramm Leach Bliley Act of 1999, "GLBA."

Plaintiff's violated federal law enacted in the United States to control the ways that financial institutions deal with the private information of individuals. The hospital is also liable because they had a duty to protect the Patience Private information and are to protect that information from any third party unless they receive an oral or written consent from the Patient to Hospital, North Okaloosa Medical Center, et. al. The defendants had a duty to keep that information private under "HIPPA" and "GLBA" and had further responsibility and duty to explain their information-sharing practices to their customer, the Plaintiff to safeguard sensitive data; defendants did not. This case is before the Federal District Court in the State of Florida to seek an indictment for felony fraud, RICO, HIPPA Violations, FDCPA, FCRA and all violations under Federal and State Law. There appears to be RICO fraud whereby the defendants appear to have committed fraud via an alias name to hide their illegal practices. They are transacting business in one name Crestview Hospital Corporation with the same address and contracting business under another name, North Okaloosa Medical Center with the same address and some of the same officers and breaking the law in both Business names with the same address and contact information; the same president and director Martin G. Schweinhart and a different VP, Secretary and director, Larry W. Cash same address 4000 Meridian Blvd., Franklin, TN 37067. Yet again, under the same Agent who is dissolved.

Co-Defendants PASI AND CASCADE CAPITAL, LLC in the above titled action not only violated the above federal laws, they transacted business as foreign agents without a domestic agent here in the State of Florida see exhibit 2 (pages 1-3); whereby, their status is filed as active. Their Statutory Agent, "Corporate Services, Inc." is now dissolved see exhibit 3A pages 1 and exhibit 3A page 2. You can see that when they perpetrated the felony on the Plaintiff the Agent was dissolved. Their Agent, "Corporation Service Incorporated" filed dissolution in 2004 and the Statutory Agent Martin Kofsky, ESQ of 200 SE First St Ste 705, Miami, FL 33131 Status is Inactive since 2004 pursuant to (ADMIN DISSOLUTION FOR ANNUAL REPORT) see Exhibit 3A page 2.

COMPLAINT

Defendants North Okaloosa Medical Center, named in the Claim appear to have not only violated all of the above federal laws, they also did so as a dissolved entity see exhibit 4 (pages 1 and 2); their Agent, Florette Murchinson President and Director's status is inactive since 10/09/1992 pursuant to (ADMIN DISSOLUTION FOR ANNUAL REPORT) see Exhibit 4A.

The Count FDCPA violations/ Cause of Action are acceptable so long as the disposition required by this text is not absurd and is consistent with the Third Circuit Court of Appeals recent decision in McLaughlin v. Phelan Hallinan & Schmieg, LLP and Kmart v. Bank of American and the **FDCPA which also covers Attorneys engaged in debt collection practices.** These debt collectors, Martin G Schweinhart acting as President & Director, James W Doucette acting as Treasurer & Director; Attorneys/Co-Defendants Troy R. Lotane Attorney and Anthony J Steele/Co-Defendants for PROFESSIONAL ACCOUNT SERVICES INCORPORATED & PROFESSIONAL ACCOUNT SERVICES, INC. (PASI AND CASCADE CAPITAL, LLC) et. al. sent a felony fraudulent document to the Plaintiff; a false represented document stating that they were a debt collector within their language to the Plaintiff and in this case and as such are committing a conflict of interest. These two parties appear to be involved in collusion and RICO fraud as well as all the above-mentioned crimes, the Plaintiff is here to report their civil and felony fraud at the Federal level and though filing of a grievance with the Disciplinary Counsel, SEC as well as the Department of Justice. These Debt Collectors/Servicers are in no lawful position to do so. 15 USC 1692 et seq. to demand any FRNs because there is no debt owed to them.

The elements of my FDCPA are under the rules for debt collectors.

*1. Consumer is defined in 15 USC 1692 (a}{3}*

*2. Creditor is defined in 15 USC 1692 (a){4}- someone who extends credit creating a debt, and does NOT include anyone who receives a debt in default by assignment or transfer for the purpose of collecting on the debt for another (namely, third party debt collectors, servicers, attorneys).*

*3. Debt is defined in 15 USC 1692 (a){5}-money owed by a consumer of personal goods.*

*4. Debt collector is defined in 15 USC 1692 (a){6}-includes a creditor trying to collect a debt under another name.*

4

**COMPLAINT**

What is at issue is the identification of the Debt Collectors/Servicers. They have never verified to her; who they are and what they are lawfully able to do as debt collectors to her a consumer. The clauses layout what they can and cannot do as debt collectors. Co-Defendants as well as their attorneys who are working on behalf of the Servicers. PASI AND CASCADE CAPITAL, LLC did not create any alleged loan or establish the indebtedness. Therefore, the debt collector can lay no case based in whatever alleged debt instrument they are claiming belongs to them. The Debt Collectors/Servicers, stated I am in default, this is a clear scam because the Debt Collectors/Servicers cannot speak about creditor related issues which Plaintiff denies owing. There are clear FDCPA laws that define the debt collector's behavior and basis of legal standing and what the Debt Collectors/Servicers can and cannot claim or do outside of the laws that govern debt collectors. For these parties to be claiming a debt on by accessing any of my private information is a bold felony fraud action. If the Debt Collectors/Servicers are claiming that they have a right to collect, then why have they failed to **validate** the debt when asked? Why have they failed to state for the record when asked to prove the harm and state the harm in writing that I have caused them. For the Debt Collectors/Servicers to plead their case they must prove that I had a duty, that the duty was breached, and that there are damages resulting from that breach. However, the Debt Collectors/Servicers refused to validate and verify the debt. Therefore, there is no cause of action or elements to collect on a debt they claim I owe. They belong behind bars due to their clear blatant fraud and should be indicted.

Plaintiff totally denies owing a debt to these Debt Collectors/Servicers PASI AND CASCADE CAPITAL, LLC. She does not know what they are talking about; she never received a loan from PASI AND CASCADE CAPITAL, LLC ; she has no proof that she received a loan from PASI AND CASCADE CAPITAL, LLC ; she doesn't know who they are; she doesn't know if they have capacity or standing at law via FDCPA 1692 to sue her; and even if what they are saying is right, they have to **prove** that they are the persons that have a right to collect any debt from her and it is still a question as to why the Debt Collectors/Servicers refuse to prove that they are the holders in due course. If they are just the holder, then that still isn't proof because a holder may be in possession of but still might not have the legal authority to dispose of something. If someone is only a holder, they are holding it for the holder in due course. *"Any person entitled in his own name to the possession of the negotiable instrument and to recover or receive the amount due thereon from the parties thereto."* PASI AND CASCADE CAPITAL, LLC can't show what consideration they gave her.

5

COMPLAINT

A holder in due course is a holder *"who takes the instrument in good faith for **consideration** before it is overdue and without any notice of defect in the title of the person who transferred it to him."*

The Plaintiff demanded from the Debt Collectors/Servicers' proof of the consideration and they acquiesced. Therefore, leaving her to take from it that they couldn't show what the consideration is or that they were injured. She doesn't know if it is just some type of barter system that was the actual consideration because they refuse to prove it. She is here filing a Claim because the Debt Collectors/Servicers refused her demand to prove they are the holders in due course, and the creditors she owes a debt to.

Once again, as far as the Debt Collectors/Servicers PASI AND CASCADE CAPITAL, LLC are concerned, She doesn't know what they are talking about; that documentation they presented to her has not been authenticated; it is not admissible as evidence; She denies it is her signature; she does not recognize that document; she denies that she received a loan from PASI AND CASCADE CAPITAL, LLC ; she denies that the alleged creditor funded any loan; she denies that PASI AND CASCADE CAPITAL, LLC  is a creditor or are anything but a debt collector who has no financial interest in this alleged contract and that they have suffered no monetary harm with respect to it; Debt Collectors/Servicers are bringing forth mere hearsay without any firsthand competent fact witness to support the alleged facts."

## COMPLAINT

She received a Default notice from this servicer, see Exhibit A. I asked them to identify themselves, see Exhibit 1. They appear to be a debt collector putting them under 15 USC 1692. They failed to validate the debt or provide admissible evidence of this alleged debt. She doesn't recall any transaction with this servicer/debt collector and the identity is unknown to her. They appear to fall under the HIPPA, FDCPA, FCRA, RICO, VIOLATION OF CHARTER; and all above mentioned causes of action which says that they may not send any threatening letter or threaten to take an action that they legally cannot take. They cannot misrepresent the debt.

These debt collectors sent her a notice speaking in a language like a lender but exhibit 1A is showing clear evidence that they are a debt collector, see their attorney, PASI AND CASCADE CAPITAL, LLC 's corporation letter, "That this is an attempt to collect a debt. Any information obtained will be used for that purpose." They are just a debt collector and she is here for the court to certify that they are a debt collector and to get on record their identification and to get

6

the language right in this matter. These Debt Collectors/Servicers have no information to prove that she owes them this amount of money; therefore, because she's the only competent fact witness that was there when this consumer transaction took place, she is truly the only competent fact witness to be able to state the facts thereof. And unless the Debt Collectors/Servicers' attorneys are able to come into court with a willingness to be cross examined, unless they are competent to take the stand as a fact witnesses, they will not be able to speak for these Debt Collectors/Servicers either. If the Debt Collectors/Servicers' attorneys are not going to do just that, then anything that they have to say in the matter will be strictly hearsay and hearsay is not allowed, ever, not in any court. So, unless the Debt Collectors/Servicers attorneys are going to bring someone into the courthouse with them who is a competent fact witness who can provide their own evidence that corroborates what the Debt Collectors/Servicers want to prove and have to prove, it will need to include admissible evidence- and unless they or their attorneys have that, they are only hearsay certified attorneys. Judge Ketchel, I need an administrative order saying that they violated the HIPPA, FDCPA, RICO, OPERATING WITHOUT A CHARTER, FCRA, etc. by sending Plaintiff this ambiguous notice RICO extortion letter and bringing Plaintiff before the court without CLEAN HANDS.

Plaintiff is very confused by their actions and the language in their demands. Here is what the FDCPA says: *"Communications from debt collectors must be understandable by the least sophisticated consumer, meaning that all communications from debt collectors cannot be written in legalese that will confuse, meaning the least sophisticated consumer can understand that they are asking for money, that they are a debt collector, yet in the middle of the letter they are talking like they are creditors.*

Judge Ketchel, Plaintiff is confused, is PASI AND CASCADE CAPITAL, LLC an original creditor or are they debt collectors as they state in their communication to Plaintiff? If they are creditors and not debt collectors, where's the original instrument of indebtedness with the original wet-ink signature? If they are Debt Collectors, how are they collecting a debt pursuant to the FDCPA and where did they get any information lawfully within the HIPPA laws in order to state their claim of right to collect against the Plaintiff stating that a debt is owed without validation.

**COMPLAINT**

### FTC Violations

1. Debt Collectors/servicers misrepresented the debt and amounts they allege Plaintiff owes and they have once again violated Title 15 USC 1692 et. seq.

### FDCPA Violations

2. Debt Collectors/servicers falsely represented the character, amount, or legal status of my debt and violated 1692 g(b) disputed debts: validation of debt according to the FDCPA.

3. Debt Collectors/servicers communicated or threatened to communicate credit information which was known to be false or should have been known to be false, including the failure to communicate that a debt was disputed by her. This is further proof of misrepresentation.

4. Debt Collectors/servicers used false representations or deceptive means to collect or attempt to collect a debt, or to obtain information concerning myself and (1692a (6) (4) --they are debt collectors and not the creditors and are pretending that I owe them a debt when I do not.

### HIPPA Violations

5. Defendants in this claim and Co-Defendants violated HIPPA by revealing Plaintiff's private information to a third party without oral or written consent. This disclosure did not meet any of the standard disclosures pursuant to public law. Co-Defendants violated Standard disclosures for judicial and administrative proceedings (1) et. seq. and § 164.512 by giving a third party the Plaintiff's information without oral or written consent, See Exhibits 6. Co-Defendants and the named defendants in the Claim appear to have committed HIPPA violations due to willful neglect and is not corrected; a $50,000 per violations penalty with no annual maximum of 1.5 Million, See Exhibits 7.

A. HIPPA laws require that the only form of disclosure of information would be as such:

As required by "HIPAA", the medical facility's explanation of how they are required to maintain the privacy of Plaintiff's health information and how they may use and disclose her health information is as follows:

They may use and disclose medical records only for each of the following purposes: treatment, payment and health care operations.

**COMPLAINT**

(1) Treatment means providing, coordinating, or managing health care and related services by one or more health care providers. An example of this would include a physical examination.

(2) Payment means such activities as obtaining reimbursement for services, confirming coverage, billing or collection activities, and utilization review. An example of this would be <u>sending a bill for your visit to your insurance company for payment; it does not mean sending a third party a patient's private information without oral or written consent.</u>

Health care operations include the business aspects of running our practice, such as conducting quality assessment and improvement activities, auditing functions, cost-management analysis, and customer service. An example would be an internal quality assessment review, not disclosing the patient/Plaintiff's information to a third-party debt collector.

(3) Plaintiff has the following rights with respect to her protected health information, which she never exercised authorization to the Privacy Officer on behalf of the Defendants to disclose any of her private information to any third-party debt collectors.

A. The right to request restrictions on certain uses and disclosures of protected health information, including those related to disclosures to family members, other relatives, close personal friends, or **any other person** identified by her and in this case the Co-Defendants.
B. The right to reasonable requests to receive confidential communications of protected health information from Defendants by alternative means or at alternative locations.
C. The right to inspect and copy Plaintiff's protected health information.
D.  The right to amend Plaintiff's protected health information (no amendments were disclosed to the Plaintiff.
E. The right to receive an accounting of disclosures of protected health information.
F. The right to obtain a paper copy of this notice from Defendants upon request. Defendants named in the Claim are required by law to maintain the privacy of Plaintiff's protected health information and to provide her with notice of their legal duties and privacy practices with respect to protected health information. Defendants named in the Claim are required to abide by the terms of the Notice of Privacy Practices currently in effect.

9

**COMPLAINT**

## GRAMM LEACH BLILEY 1999 Violations

6. Defendants in this Claim and Co-Defendants violated the Gramm Leach Bliley Act of 1999 by giving my private information to a third party causing a total invasion of my privacy, social security instrument information, address, phone number causing her issues with identity theft that will haunt her for the rest of my life.

7. Defendants in this Claim violated my rights as a dissolved entity breaking all of the laws as an entity under, laws that protect consumers under the laws governed by the Attorney General, Security Exchange Commission, Consumer Financial Protection Bureau, the FBI, the Department of Justice, The Office of Disciplinary Counsel Grievance Committee, Florida State Bar; American Bar Association, the Provost Marshall's office, and the list goes on and on.

## RICO Violations

8. The Defendants in the Claim committed RICO et. seq. and mail Fraud under Title 18 USC Section 1341, *Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.*

10

**COMPLAINT**

**Plaintiff Suffered Harm from all counts and violations/crimes committed by the Debt Collector/Servicers PASI AND CASCADE CAPITAL, LLC, et.al. and the Hospital who had a duty to protect**

HIPPA VIOLATIONS;

FALSE REPRESENTATIONS;

FALSE CLAIM LAWSUIT;

OTHER IMPROPER PRACTICES BY PASI AND CASCADE CAPITAL, LLC RELATED TO CONSUMER DEFAULT WITHOUT VERIFICATION AND VALIDATION OF DEBT;

RICO FRAUD, ET SEQ.

BEING PARTY TO SUFFERING ALL VIOLATIONS OF THE FDCPA DUE TO THE DEBT COLLECTORS/SERVICERS PASI AND CASCADE CAPITAL, LLC AND CO-CONSPIRATORS DEFENDANTS IN THIS CASE;

## CRIMINAL COMPLAINT

**Plaintiff is hereby making a criminal complaint against the Defendants in the Claim as well as the Co-Defendants for Civil and Felony Fraud perpetrated against her in this Court. Please take note that parties have committed a crime or crimes. All proper authorities are alerted should any harm come to her in the filing of this criminal complaint.**

### PLAINTIFF SEEKS RELIEF PURSUANT TO

### ALL TITLES, SECTIONS, AND CODES OF ALL COUNTS WITHIN THIS CLAIM

**FDCPA- 1692 (b)(3)(6) & 15 U.S. Code § 6821 - Privacy protection for customer information of financial institutions, 15 U.S. Code § 1692c - Communication in connection with debt collection & Dispute again under 15 U.S. Code § 1692g-Validation of debts.**

For these violations RavenGrace Mori El (Secured Party Creditor; Executor) is suing Co-Defendants and Defendants in this case for the sum of 2.7 million in currency.

**COMPLAINT**

## TRIAL BY JURY OF PEERS DEMANDED
## & INDEPENDENT COURT REPORTER

Dated: 1/9/17

RavenGrace Mori El (Secured Party Creditor; Executor), Responsible Party for

ENS LEGIS: EL, M RAVEN

_RavenGrace Mori El_

Plaintiff In Propria Persona Sui Juris

**U.C.C.1-207/1-308; U.C.C 1-103.6 All Rights Reserved**

274 Anderson St
Crestview Florida
32536

CC:
**U.S. DEPARTMENT OF JUSTICE**
**SECURITY EXCHANGE COMMISSION**
**BAN KI-MOON SECRETARY GENERAL OF UNITED NATIONS**

Mailing address only
not my residence
336 740-9733

12

**COMPLAINT**